UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAVIER SANTOS,

                      Petitioner,

          -v-

DALE ARTUS,

                      Respondent.
------------------------------------------------------------------X

08 Civ. 5087 (PAE) (FM)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/13

PAUL A. ENGELMAYER, District Judge:

On June 2, 2008, petitioner Javier Santos ("Santos") filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. 1. On July 29, 2008, Judge William H. Pauley III, to whom this case was originally assigned, referred the action to Magistrate Judge Frank Maas for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 2. On April 17, 2009, Magistrate Judge Maas granted Santos's request for the appointment of an investigator. See Dkt. 13. On April 14–15, 2011, and May 12, 2011, Magistrate Judge Maas held an evidentiary hearing to address the factual question whether Santos's trial counsel, Steven Bartley, Esq., failed to investigate Santos's potential intoxication defense adequately prior to trial. See Dkt. 20, 33, 35, 48–49.

On October 4, 2011, this case was reassigned to my docket. See Dkt. 41. On May 14, 2013, Magistrate Judge Maas issued his Report and Recommendation (the "Report") to this Court. Dkt. 50. The Report stated that the parties were required to file any objections within 14 days from the date of the Report's issuance. See Report 58. To date, the Court has received no objections.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

## CONCLUSION

Careful review of the thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Report, which is incorporated by reference herein, is adopted without modification. The petition for habeas corpus is denied, and the Clerk of Court is directed to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: June 3, 2013
      New York, New York